IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL DANTON,** ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | **CIVIL NO. 05-cv-828-WDS** |
| vs. ) | |
| ) | **CRIMINAL NO. 04-cr-30049** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. On July 16, 2004, Petitioner pleaded guilty to conspiring to cause another to travel in interstate commerce with the intent that a murder-for-hire be committed, in violation of 18 U.S.C. § 1958. On November 8, 2004, Petitioner was sentenced to 90 months imprisonment, 3 years supervised release, a fine of $750.00, and a special assessment of $100.00. On November 18, 2005, Petitioner filed the instant motion under § 2255.

In his motion the Petitioner raises one ground for relief, namely, that plain error occurred at sentencing in that the Court misapprehended certain Treaty transfer rules and procedures. In the agreement that governed Petitioner's guilty plea, the United States Attorney's Office for the Southern District of Illinois recognized Petitioner's right to seek transfer to Canada to serve part of his sentence by petitioning the Department of Justice and agreed not to oppose such a petition. Petitioner now argues that the Court based its sentencing decision on the belief that the Department of Justice was under a requirement to render a transfer decision within a reasonable time. Petitioner contends that because Petitioner's request for transfer pursuant to the Treaty has not been ruled upon

by the Department of Justice, and because Petitioner continues to be incarcerated in a federal facility in the United States, the Court's intention for Petitioner to serve his sentence in Canada has been frustrated, resulting in plain error.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED:  January 11, 2006**

                                        **s/ WILLIAM D.  STIEHL**
                                        **DISTRICT JUDGE**