# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL SAGE DANTON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 05-CV-828-WDS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

## MEMORANDUM & O R D E R

**STIEHL, District Judge:**

Before the Court is petitioner Michael Sage Danton's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the government has filed a response (Doc. 6), and petitioner a reply (Doc. 7). The government subsequently supplemented its pleadings (Doc. 8), as did petitioner (Doc. 9).[1]

## BACKGROUND

On July 16, 2004, petitioner pleaded guilty to one count of conspiracy to use interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. Petitioner agreed to plead guilty to Count 1 of the Indictment, authorizing a maximum penalty of ten years' imprisonment or a $250,000.00 fine, or both, and at least three years' supervised release. In return for his plea, the government agreed to dismiss Count 2 of the Indictment at the time of sentencing, and further agreed that petitioner would not be prosecuted in the Southern District of Illinois for any other crimes "now known to the government." (Plea Agreement, Part

---

[1] Petitioner objects to the fact that the government filed a supplement without leave of Court. The Court has reviewed the record and **FINDS** that it was appropriate for the government to advise the Court, in a timely manner, of the actions of the International Prisoner Transfer Unit. Accordingly, to the extent that petitioner's supplement is an objection to the government's filing, that objection is **OVERRULED**, and the Court will consider all pleadings.

II, ¶ 1(a)). Petitioner expressed a desire to transfer to a facility in Canada, the country of his birth, and with regards to such a transfer, the plea agreement provided as follows:

> 1.   Defendant and the Government recognize that, pursuant to 18 U.S.C. § 4100, *et seq.*, and 28 C.F.R. § 527.40, *et seq.*, Defendant has the right to seek transfer to Canada to serve part of his sentence, by petitioning the Department of Justice, through the International Prison Transfer Unit (IPTU), Office of Enforcement Operations, Criminal Division, Department of Justice. *Defendant understands that such a petition is not automatically granted, and that the decision to grant or deny such a petition rests with [the] Attorney General, through the IPTU, and not with the United States Attorney's Office for the Southern District of Illinois (USAO-SDIL).* Nevertheless, in return for the promises made by Defendant herein, the USAO-SDIL agrees to not oppose such a petition if made by Defendant. The USAO-SDIL further agrees to supply to the IPTU promptly any information or documents requested by the IPTU.
>
> 2.   *Defendant further understands that he will have no right to withdraw his plea of guilty, or take any appeal from, or make any collateral or post-conviction attack against any conviction in this case should he not be accepted for a prisoner transfer to Canada.*
> . . .

Plea Agreement, Part III (emphasis added). Petitioner confirmed to the Court that he understood the implications of his plea agreement and his various rights associated therewith. (Plea Hearing Tr. pp. 13-16). On November 8, 2004, the Court sentenced petitioner to a term of imprisonment of 90 months. Petitioner did not file a notice of appeal to challenge his conviction or sentence.

On or about December 15, 2004, petitioner applied for transfer to Canada. At the time petitioner filed his motion, the IPTU had not issued a decision as to his transfer request.[2] In his motion to vacate, set aside, or correct sentence, petitioner argues that because his request for

---

[2]In petitioner's reply brief, he seems to suggest that the Court should address the Department of Justice's application of transfer treaties. Such discussion is inapposite to the matter presently before the Court. Petitioner's argument that the Attorney General "promis[ed] no opposition with his left hand, while delaying, refusing and then denying a decision on his right hand," is not persuasive. The USAO-SDIL and the IPTU are separate legal bodies. The actions of the IPTU regarding petitioner's transfer request do not control this inquiry, rather the language of the plea agreement, which made no guarantee of transfer, is what is at issue here.

transfer had not been acted upon, and because he therefore remains incarcerated in a federal facility in the United States, that this Court's intentions in accepting petitioner's plea agreement and imposing petitioner's sentence have been frustrated, resulting in plain error.

Since filing his § 2255 motion, petitioner's motion to transfer to a Canadian facility has been denied by the Department of Justice. (Doc. 8, Ex. A, dated March 24, 2006). While petitioner's initial motion and memoranda complained of a delay in the Department of Justice's ruling on petitioner's transfer request, his supplemental pleadings filed post-rejection suggest that the Department of Justice issued a hurried and unsubstantiated decision, claiming that the denial of his request frustrated the Court's sentencing intent.

## **ANALYSIS**

Grounds for relief pursuant to 28 U.S.C. § 2255 are more limited than grounds for relief on direct appeal. *See Massaro v. United States,* 538 U.S. 500, 504 (2003). When possible, all issues raised in a § 2255 motion must first be raised on direct appeal. *See Williams v. United States*, 805 F.2d 1301, 1304 (7th Cir. 1986). Specifically, there are three issues that a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that were not but could have been raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing either of good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the claim would result in a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *rev'd on other grounds, Castellanos, v. United States*, 26 F.3d 717 (7th Cir. 1994). The cause and prejudice test applies both to defendants who collaterally attack a conviction

following trial, and to defendants who are sentenced after a guilty plea and subsequently attack their sentence by raising new issues for the first time under § 2255. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

The Court initially notes that petitioner, in the plea agreement, waived his right to appeal or to collaterally challenge his conviction or sentence. This waiver was knowing and voluntary under Fed. R. Crim. P. 11.[3] Therefore, petitioner waived his right to raise the very issues he now presents in his § 2255 petition. Even absent such a waiver, however, petitioner's claim would fail.

The crux of petitioner's argument is that since the Justice Department did not issue a decision on his transfer request within his desired time-frame, that this Court's sentencing intent was frustrated. The Court finds this argument to be unpersuasive.

As petitioner readily admits, approval or denial of prisoner transfer requests filed under the Transfer of Offenders to or From Foreign Countries Act, P.L. No. 95-144, 91 Stat. 1212, 18 U.S.C. § 4100 et seq. (1977) is left entirely to the discretion of the Attorney General. *See,* Article 4, part (5) of the Convention on the Transfer of Sentenced Persons, T.I.A.S. No. 10,824, 22

---

[3]Rule 11 provides in relevant part:
>(c) . . . Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>>(1) the nature of the charge to which the plea is offered;
>>. . .
>>(3) that the defendant has the right to plead not guilty . . ., the right to be tried by a jury and at that trial the right to assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination;
>>(4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind. . . .
>(d) . . . The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney. Fed R. Crim.P.51.

I.L.M. 530 (1983); 18 U.S.C. § 4102(1). Petitioner's claim that the Court's sentencing intent was frustrated is without merit because the Court expressed no specific expectation as to the time in which petitioner's transfer request would be considered. The Court did expect that it would be considered within a reasonable time frame, which the Court **FINDS** it was.

The plea agreement entered into by the parties, and considered by this Court in imposing petitioner's sentence, stated in clear and precise language that although the United States Attorney's Office would not guarantee petitioner's transfer to Canada, it also would not oppose such a request for transfer. Likewise, the government did not promise that any particular action would be taken by the IPTU. Indeed, the United States Attorney's Office would have had no authority to bind the IPTU. Petitioner acknowledged to the Court that he knew, understood, and voluntarily agreed to the following language contained in his plea agreement:

> Defendant understands that such a petition is not automatically granted, and that the decision to grant or deny such a petition rests with [the] Attorney General, through the IPTU, and not with the United States Attorney's Office for the Southern District of Illinois (USAO-SDIL).
>
> . . .
>
> Defendant further understands that he will have no right to withdraw his plea of guilty, or take any appeal from, or make any collateral or post-conviction attack against any conviction in this case should he not be accepted for a prisoner transfer to Canada.

Accordingly, the Court finds that the sentence imposed was authorized by law and is not otherwise open to collateral attack, and that there has been no denial or infringement of the constitutional rights of the petitioner as to render the judgment vulnerable to collateral attack. Petitioner's motion is, therefore, **DENIED** on all grounds.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** petitioner's motion to vacate, set aside, or correct sentence (Doc. 1). The petition is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:   July 20, 2006.**


                              s/  WILLIAM D.  STIEHL
                                  **DISTRICT JUDGE**